UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                          2:08-cr-31-FtM-29SPC

CALVIN S. CUMMINGS
_____

**OPINION AND ORDER**

On August 18, 2009, United States Magistrate Judge Sheri Polster Chappell submitted a Report and Recommendation (Doc. #54) to the Court recommending that Defendant's Motion to Suppress Evidence (Doc. #42) be denied without an evidentiary hearing. Defendant's Objections to Report and Recommendation (Doc. #57) was filed on September 7, 2009.

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State

Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

**II.**

The primary issue is whether defendant was entitled to a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978) based upon his challenges to the affidavit in support of a state court search warrant. Defendant contends that the affiant "intentionally minimized the role of the informants, and creat[ed] the false impression that the officers were actual witness," and as a result "misled the issuing judge to believe that it was the officer's credibility, as opposed to that of the informants, which was at issue." (Doc. #57, p. 1.) The magistrate judge found that defendant had not established an entitlement to an evidentiary hearing, and the Court agrees.

"A Franks hearing is required when 'the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause.'" United States v. Valencia-Trujillo, 573 F.3d 1171, 1182 (11th Cir. 2009)(quoting Franks, 438 U.S. at 155-56). A defendant

who satisfies this standard is entitled to an evidentiary hearing on the issue. United States v. Arbolaez, 450 F.3d 1283, 1293 (11th Cir. 2006). After review of the affidavit, the Court agrees with the Report and Recommendation that when viewed in its entirety the wording of the affidavit was neither false nor misleading to the issuing judge. The Court further agrees that defendant did not satisfy the second prong of the evidentiary hearing standard because removing the allegedly misleading statements did not eliminate facts sufficient to establish probable cause. The Court further agrees with the Report and Recommendation that the information was not stale. Accordingly, the Court will adopt the Report and Recommendation and will deny the motion to suppress.

Accordingly, it is now

**ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Doc. #54) is **accepted and adopted**, and it is specifically incorporated into this Opinion and Order.

2. Defendant's Motion to Suppress Evidence (Doc. #42) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of September, 2009.

*John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
U.S. Magistrate Judge
Counsel of Record
DCCD